Brady, J.
The attachment was granted on the ground that the defendants had assigned, disposed of and secreted their property with intent to cheat and defraud their creditors, and founds this charge upon representations made to Dunn’s commercial agency, upon the faith of which the goods were sold. The charge is denied. It is not important, however, whether it be so or not, inamuch as it is only an incident in the case presented. The Code does not authorize an attachment upon the ground of fraudulent misrepresentations, and they cannot be converted by any known process into the basis of such an application. Indeed, if true and the stock falls short of the anticipated quantity, they satisfactorily explain the absence of the property which is alleged to have been disposed of. Munchausenism does more in commercial life, if our judgment be based on cases presented similar to this, than the various means of transportation known. The plaintiffs’ developments, if they justify any result, it is that the defendants' did not have the assets stated to Dunn’s agency to have been in possession. This may be conceded, and, perhaps, must be, and thus, as already suggested, the whole mystery disappears.
. The proof should be of such a character in these proceedings as to fairly justify no other conclusion than dishonest purposes on the part of the defendants. Mere conjectures, however strong, are not sufficient, Von Moppes v. Leimbach (22 N. Y. W. Dig., 337), and it may be added that an execution does not issue until judgment is rendered and, in fact, established, which make out the existence of the *561 asserted claim at least to reasonable certainty. An attachment is an early process of that character, and should be sustained- beyond a reasonable doubt.
For these reasons the order appealed from should be affirmed accordingly, with ten dollars costs and disbursements of the appeal.
Daniels, J., concurs.